# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David J., | Case No. 19-cv-99 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary Homeland Security, et al. | |
| Respondents. | |

This matter is before the Court on David J.'s Petition for a Writ of Habeas Corpus (Dkt. 1) ("Petition") and the Supplemental Response to Petition (Dkt. 14) filed by Respondents.[1] The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I.     BACKGROUND

Petitioner David J. is a native of Ethiopia and a citizen of South Sudan. (Dkts. 6 ¶ 4; 6-1.) Petitioner had been found to have repeatedly violated a 2014 order of protection by engaging in conduct that involved credible threats of violence, repeated harassment, or bodily injury (Dkt. 6 ¶¶ 6-7). *See* 8 U.S.C. §§ 1226(c)(1)(B),

---

[1]     On October 3, 2019, the Court provided Petitioner with an opportunity to file a response to the Supplemental Response. (Dkt. 17.) However, Petitioner has filed no further pleading as of the date of this Report and Recommendation.

1227(2)(E)(ii).  Petitioner was taken into custody pursuant to a Warrant for Arrest of Alien on May 15, 2018, and served with a Notice to Appear in removal proceedings. (Dkts. 6 ¶¶ 8-9; 6-2.)  Petitioner has been detained by immigration officials since May 15, 2018.  (Dkt. 6 ¶ 18.)

On August 10, 2018, an Immigration Judge ordered Petitioner removed from the United States as charged in the Notice to Appear; denied his application of removal; denied his asylum application; denied withholding of removal application to Ethiopia; but granted Petitioner's application for withholding of removal to South Sudan.  (Dkts. 6 ¶ 15; 6-5.)

On January 14, 2019, Petitioner filed the present Petition alleging that his continued detention violates his right to Due Process under the Fifth Amendment on the basis that the Government has been unable to effectuate his removal to South Sudan and there is no likelihood of his removal in the reasonably foreseeable future.  Petitioner seeks immediate release.[2]

On January 18, 2019, the Board of Immigration Appeals ("BIA") reversed the withholding of the removal decision by the Immigration Judge and remanded for an additional hearing before the Immigration Judge.  (Dkts. 6 ¶ 17; 6-7.)

On March 28, 2019, the Immigration Judge ordered Petitioner removed from the United States to Ethiopia or, in the alternative, to South Sudan, but granted the Petitioner's application for withholding of removal and application for deferral of

---

[2]   Petitioner does not challenge his detention on the basis that there is no likelihood of his removal to Ethiopia in the reasonably foreseeable future.

removal as to South Sudan.  (Dkts. 12-1 ¶ 5, 12-2.)  On April 9, 2019, the DHS filed an appeal with the BIA.  (Dkts. 12-1 ¶ 6, 12-2.)

On September 6, 2019, the BIA dismissed the appeal filed by the DHS but remanded the record to the Immigration Judge for the purpose of allowing DHS to update the identity, law enforcement, and/or security investigations or examinations in the case.  (Dkts. 15 ¶ 4; 15-1.)  On September 23, 2019, the Immigration Judge filed his new order on remand, once again ordered Petitioner removed from the United States to Ethiopia or, in the alternative, to South Sudan, considered all of Petitioner's applications for relief as to Ethiopia and South Sudan, and granted Petitioner's application for withholding of removal as to South Sudan.  (Dkts. 15 ¶ 5; 15-2.)  Both parties waived appeal of the September 23, 2019 Order, which thereby provided Petitioner with a final removal to Ethiopia on that date.  (Dkts. 15 ¶ 6; 15-2.)

On September 26, 2019, ICE completed a travel document request for Petitioner from the Embassy of Ethiopia.  (Dkt. 15 ¶ 7.)  Respondents represent that ICE will continue to attempt to effect removal of Petitioner to Ethiopia during the 90-day removal period.  (*Id.* ¶ 8.)

## II.   DISCUSSION

Respondents contend in their October 1, 2019 supplemental response (Dkt. 14) that the Petition for release from detention under 8 U.S.C. § 1226(c) is moot given that a September 23, 2019 decision by an immigration judge resulted in a final order of removal.  Respondents claim that Petitioner is currently being detained under 8 U.S.C. §1231(a)(2) while immigration officials determine whether they can remove him to

3

Ethiopia within the 90-day removal period. Respondents also argue that any challenge to his Section 1231(a)(2) detention is premature and should be dismissed.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

When Petitioner first filed his 2241 Petition, his order for removal had not become final, and therefore his dentition was governed by 8 U.S.C. § 1226(c), the provision that governs detentions before a final removal order is issued for certain criminal aliens. *See* 8 U.S.C. § 1226(c); *see also Demore v. Kim*, 538 U.S. 510, 517-18 (2003). Petitioner's removal order has become final since the filing of his Petition. *See* 8 C.F.R. § 1241.1(b). As a result, Petitioner's detention is now governed by 8 U.S.C. § 1231—the provision that controls post-final-removal-order detentions. *See Patrick H. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1841 (NEB/HB), 2018 WL 6791936, at *2 (D. Minn. Nov. 6, 2018), *R.&R. adopted*, 2018 WL 6791067 (D. Minn. Dec. 26, 2018). Because § 1226(c)

4

no longer controls, the Court recommends dismissal of the Petitioner's challenge to his pre-final-removal-order detention as moot. *See Duol J. v. Sec'y, Dep't of Homeland Sec.*, No. 18-CV-3266 (PJS/LIB), 2019 WL 3767535, at *1 (D. Minn. Aug. 9, 2019); *see also Patrick H.*, 2018 WL 6791936 at *2 (collecting cases).

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. The collateral-injuries exception does not apply when such injuries are a result of the final order of removal, not the prolonged detention itself. *See Ahmed*, 2017 WL 3267738, at *2. As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case and Petitioner is not likely to be held pending a final order for removal again. *See Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011) ("Because Quezada is no longer detained under § 1226(c), and his case does not satisfy the 'capable of repetition yet

5

evading review' exception to mootness, this Court is constrained to grant the government's motion to dismiss the case as moot."). The voluntary cessation exception does not apply because ICE did not cease in its attempt to seek a final removal order, rather it obtained such an order and continues to pursue Petitioner's removal. *See Ahmed*, 2017 WL 3267738, at *2. Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See id.* Accordingly, the Court recommends dismissal of the Petition as moot.

Any challenge that Petitioner might make to his post-final-removal order detention would be not be ripe, as after entry of a final order of removal, detention is mandatory for the subsequent 90-day removal period. *See Duol J.*, 2019 WL 3767535, at *1 (citing 8 U.S.C. § 1231(a)(1)(A), (a)(2)). After those 90 days, the government may continue to detain the alien, 8 U.S.C. § 1231(a)(6), and the Supreme Court has held that detention for six months under § 1231 is presumptively reasonable. *See Patrick H.*, 2018 WL 6791936 at *3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)) (citation omitted).

Because Petitioner's final-removal order was entered on September 23, 2019 (Dkts. 15 ¶ 6; 15-2) he is within the 90-day mandatory-detention period, and he is not near the end of the six-month *Zadvydas* period, making any challenge to the length of his post-final-removal-order detention premature. *See Duol J.*, 2019 WL 3767535, at *1. As such, the Court will not address the merits on any claim under § 1231 in this matter. Petitioner is free to file a new Petition to the extent that it is necessary.

### III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner David J.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITHOUT PREJUDICE**.

DATED: November 25, 2019                         *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).